THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE MOGEN AGENCY, INC. n/k/a PAUL MOGEN INSURANCE, INC. ; and PAUL MOGEN,<br><br>    Plaintiffs,<br><br>v.<br><br>CONTINENTAL GENERAL INSURANCE COMPANY; GREAT AMERICAN FINANCIAL RESOURCES, INCORPORATED; GREAT AMERICAN LIFE INSURANCE COMPANY; and AMERICAN FINANCIAL GROUP,<br><br>    Defendants. | Case No. 8:13-CV-381<br><br><br>**PLAINTIFFS' FIRST AMENDED AND SUBSTITUTED COMPLAINT** |

**COME NOW** the Plaintiffs, and in support of their Complaint states as follows:

1. Plaintiff The Mogen Agency, Inc. n/k/a Paul Mogen Agency, Inc. (hereinafter "Mogen Agency"), at all times material hereto, is a business organized under the laws of Wyoming whose principal place of business is at Casper, Wyoming.

2. Plaintiff Paul Mogen is President of Mogen Agency and as such is a managing general agent.

3. At all times material hereto, Mogen, as president of Mogen Agency, entered into a contract to become a general agent of Continental General Insurance Company (hereinafter referred to as "CGI"). At the time the general agent contract was executed between Mogen Agency and CGI, CGI had its principal place of business in Omaha, Nebraska. (Exhibit A).

4. As a general agent of CGI, Mogen's responsibilities included, but were not limited to, sales of insurance products offered by CGI and to recruit, train, and license agents, and other general agents for CGI. Mogen personally sold insurance products for CGI.

5. When the original contract between the parties was executed, CGI had its principal place of business in Omaha, Nebraska. Subsequently, CGI has moved its principal place of business to Austin, Texas.

6. The general agent agreement executed between Mogen Agency and CGI provided that the general agent agreement (Exhibit A) shall be governed by and constructed in accordance with the laws of the State of Nebraska.

7. The Defendant Great American Financial Resources, Incorporated (hereinafter referred to as "GAFRI") is incorporated in the State of Ohio with its principal place of business in Cincinnati, Ohio. Great American Life Insurance Company (hereinafter referred to as "GALIC") is a subsidiary of GAFRI.

8. The Defendant American Financial Group is a diversified financial services organization headquartered in Cincinnati, Ohio.

9. Pursuant to the contractual agreement with CGI, licensed managing general agents are entitled to compensation known in the industry as "commissions", "renewals" and/or "overrides" on insurance products sold by licensed agents in their hierarchy.

10. A hierarchy consists of four levels of contracting; regional manager, general agent, associate general agent, and agent.

11. As defined in the contract, overrides are the difference between the compensation paid to individuals in the hierarchy.

12. A licensed agent is entitled to commission on insurance products that he sells and becomes agent of record. Whenever an insurance product is sold, the agent who took the original information is considered the agent of record.

13. The agent of record is entitled to commission and/or renewals on in force policies and/or replacement policies. In the case of CGI, where an agent of record receives less than $600

of renewals and/or overrides in a 12-month period the company can terminate the commissions, renewals or override of the agent of record on all policies in force. This circumstance is known in the industry as non-vesting.

14. In the case of non-vesting, the commission, renewals and/or overrides then revert to the next agent up in the hierarchy.

15. If the commissions and/or renewals are in excess of $600 in a 12-month period, the commissions and/or renewals are paid to the agent of record. This is called vesting.

16. Pursuant to the CGI contract, a vested agent of record is entitled to commissions, overrides and/or renewals even if the contract to represent the company is terminated.

17. In the case where commissions, overrides and/or renewals are reverted to the next agent in hierarchy, that next agent in the hierarchy becomes the agent of record.

18. The agent of record changes each time commissions and renewals are reverted up the hierarchy due to non-vesting.

19. Continental General Insurance Company (hereinafter referred to as "CGI") is a corporation incorporated in the state of Ohio with its principal place of business at Austin, Texas. CGI is licensed to sell insurance products in 48 states and the District of Columbia.

20. The Defendant CGI is owned by the Defendant American Financial Group (referred to as "AFG").

21. Great American Financial Resources Incorporated (hereinafter referred to as "GAFRI") is a corporation incorporated in the state of Ohio with its principal place of business at Cincinnati, Ohio and is a wholly owned subsidiary of American Financial Group (AFG).

22. AFG is fully responsible for the wrongful acts of CGI, GAFRI and GALIC.

23. That CGI became part of GAFRI in August 2006.

24. Plaintiffs sold policies for CGI, included, but were not limited to, Medicare supplements, long-term care, senior life, and annuities.

25. GAFRI and/or CGI in December 31, 2009 cancelled the licenses of the Plaintiffs.

26. On Plaintiffs' best information and belief, GAFRI and/or CGI had filed with the appropriate insurance commissioners, requests for approval for new products.

27. After state approval of new products, GAFRI and/or CGI began contacting existing in force policyholders of agent of record with CGI and replaced existing in force policies. GAFRI instructed policy holder to move policies when receiving rate increase letters on existing CGI policies.

28. New GAFRI in house representatives replaced in force existing policies and existing agents of record with new policies and replaced existing agents of record with the home office being the agent of record.

29. The original terminated agents of record were not allowed to market the new policies of CGI which was owned by GAFRI. GAFRI licensed agents in house and/or agents outside the Home Office to market the replacement policies.

30. Plaintiffs' have lost commissions, renewals and overrides on the replacement policies, and will continue to lose commissions, renewals, and overrides on said policies in the future.

31. New policies which replaced the original CGI Medicare supplement policies had a reduced commission cycle with renewals paid for a total of six years rather than a lifetime renewal commission cycle of the original CGI Medicare supplement policies.

32. By replacing existing in force policies and then terminating commissions, renewals and overrides of the existing agents of record, caused a number of agents of record to become non-vested.

33. GAFRI did not revert the commissions, renewals or overrides to the agent next in the CGI hierarchy. GAFRI retained the commissions of nonvested agents of CGI.

34. Irregardless of whether an insurance policy was replaced by a new policy by in-house marketing organization and/or selected outside agents, Plaintiffs' should remain the agent of record for the purpose of receiving commissions, renewals and/or overrides.

35. The contract in force between the Plaintiffs and CGI did not provide that CGI and/or GAFRI'S in-house marketing organization received commissions, renewals or overrides on a replacement policy.

36. The contract in force between the Plaintiffs and CGI also did not provide that GAFRI and/or CGI keep commissions, renewals and/or overrides when a licensed agent became nonvested.

37. The contract in force between the Plaintiffs and CGI did provide that the agent of record received commissions on premium increases on long term care policies written before January 2000.

38. GAFRI and/or CGI has breached its contractual agreement with the Plaintiffs in that GAFRI and/or CGI has failed to pay the Plaintiffs commissions, renewals and overrides on replacement policies.

39. GAFRI and/or CGI also breached its contractual agreement with the Plaintiffs by not paying commissions, renewals and/or overrides to the next agent in the hierarchy when an agent became nonvested.

40. GAFRI and/or CGI has breached its contractual agreement by not paying commissions, renewals and/or overrides on the premium increases on long term care policies written before January 2000.

41. GAFRI has not provided accurate and/or complete documentation to calculate how much money is due and owing Mogen Agency and Mogen.

42. Mogen Agency has requested to GAFRI a full and complete accounting and documentation of all monies due and owing to Mogen Agency and agents in his hierarchy. GAFRI has failed to provide the request documentation.

43. GAFRI and/or CGI failed to allow the Plaintiffs to market the new products of GAFRI and/or CGI. GAFRI and/or CGI have failed to allow the Plaintiffs to convert existing policyholders to the new CGI plans.

44. Defendants have engaged in unfair marketing practices by replacing the policies with new policies, attempting to cancel the Plaintiffs as agents of record, reducing commission cycles allowing its own in-house marketing organization or selected outside agents to market the new replacement policies and not allowing the Plaintiffs to market the new products.

45. In addition to past commissions, renewals and/or overrides due the Plaintiffs and on future commissions on long term care premium increases, the Plaintiffs are entitled to future commissions, renewals and/or overrides on replacement policies that remain in force.

46. GAFRI and/or CGI failed to notify the insureds that their original agent of record was being replaced by a new agent of record.

47. The actions of GAFRI and/or CGI are intentional, willful, and wanton; and the Plaintiffs are entitled to punitive damages.

## COUNT I
### (BREACH OF CONTRACT)

48. Plaintiffs replead, as if fully set forth herein, paragraphs 1 through 47 above.

49. Defendants, AFG, CGI and GAFRI, have breached the general agent agreement between the Plaintiffs and Defendants as set forth in the preceding paragraphs.

6

50. The breach of contract by Defendants include, but are not limited in the following respects:

(a) Replacing the existing policies with new policies; and, at the same time, attempting to cancel the Plaintiff as agent of record of then-existing in force policies;

(b) By allowing GAFRI's own in-house marketing organization or selected outside agents to market the new replacement policies while at the same time not allowing the Plaintiff to market the new products;

(c) In failing to pay past and present commissions renewals and overrides due to the Plaintiff; and

(d) In failing to notify the insureds of a new agent of record;

(f) In failing to pay commissions, overrides and/or renewals in premium increase(s) on long term care policies in force before January 1, 2000.

51. As a proximate result of a breach of the general agent agreement between the Plaintiffs and Defendants (Exhibit A), the Plaintiffs have been damaged to include but not limited to loss of past commissions, renewals, and overrides and the Plaintiffs are entitled to future commissions, renewals, and overrides on replacement policies that remain in force.

**WHEREFORE**, Plaintiffs, pray that judgment be entered against Defendants, American Financial Group, Continental General Insurance Company, Great American Life Insurance Company and Great American Financial Resources, Inc., jointly and severely, for the amount that will fully compensate Plaintiffs for their losses, plus interest and costs, and any other relief that the court deems just and proper.

## COUNT II
### (TORTIOUS INTERFERENCE WITH CONTRACT)

52. The Plaintiffs replead, as if fully set forth herein, paragraphs 1 through 51 above.

7

53. The Plaintiffs have a valid, existing contractual relationships with, CGI. The Plaintiffs had an expectation of the continuation of that relationship.

54. Defendants, AFG, CGI, GAFRI and GALIC, were aware of the general agent contract and/or the regional manager contracts entered into between the Plaintiffs and CGI.

55. Defendants, AFG, CGI, GAFRI and GALIC, were fully aware of all the contracts of insurance that the Plaintiffs were agents of record.

56. Defendants, AFG, CGI, GAFRI and GALIC, were aware the Plaintiffs considered themselves agents of record on existing insurance contracts and did expect payment of commissions, overrides, and renewals in the future from all insurance contracts that remained in force.

57. Defendants intentionally and wrongfully interfered with the Plaintiffs' contractual relationship with his clients who were the insureds of CGI causing a termination of the relationships and their related business expectancies.

58. In cancelling existing policies of insurance and replacing said policies with replacement policies and, at the same time, changing the agent of record, damaged the Plaintiffs. Damages include loss of past commissions, renewals and overrides. The Plaintiffs are entitled to future commissions, renewals and overrides on policies that remain in force.

59. The actions of AFG, CGI, GAFRI and GALIC were intentional, willful and wanton and the Plaintiffs is entitled to punitive damages.

**WHEREFORE,** Plaintiffs pray that the court enter judgment against Defendants, American Financial Group, Continental General Insurance Company, Great American Life Insurance Company and Great American Financial Resources, Inc., jointly and severely, for the amount that will fully compensate Plaintiffs for their losses, plus punitive damages, plus interest and costs and any other relief that the court deems just and proper.

## COUNT III
### (ACCOUNTING)

60. The Plaintiffs replead, as if fully set forth herein, paragraphs 1 through 59 above.

61. The Defendants owe the Plaintiffs commissions, renewals and overrides.

62. Mogen Agency has requested an accounting from the Defendants to verify that all commissions, renewals and overrides that are due and owing on policies where an agent has become non-vested on replacement policies, and monies owed on premium increases for long term care policies written prior to January 2000 have been paid.

63. The Defendants have refused to provide Plaintiffs with the requested accounting.

64. Plaintiffs demand a satisfactory accounting.

65. It is the duty of the Defendants pursuant to the contract in question to provide the Plaintiffs with such an accounting.

66. Plaintiffs do not have and cannot compute the full extent of his damages without such an accounting.

**WHEREFORE,** Plaintiffs pray that the Defendants make a complete accounting to the Plaintiffs for all matters involved in this litigation and for judgment jointly and severally against the Defendants, American Financial Group, Continental General Insurance Company, Great American Life Insurance Company and Great American Financial Resources, Inc., jointly and severely, for the amount that will fully compensate Plaintiffs for their losses, plus punitive damages, plus interest and costs and any other relief that the court deems just and proper.

## COUNT IV
### (UNJUST ENRICHMENT)

67. The Plaintiffs replead, as if fully set forth herein, paragraphs 1 through 66 above.

68. If Defendants are permitted to terminate their relationships with Plaintiffs, the Defendants will receive the benefit of all of Plaintiffs' labor, efforts, investments, trade secrets, reputation, name, image, market, goodwill, research, commissions, renewals and overrides.

69. By terminating their relationship with the Plaintiffs', the Defendants have and will in the future keep and retain the economic benefit of the Plaintiffs' long time businesses.

70. The Plaintiffs have not been compensated for such items and their benefits by Defendants. The retention by Defendants of all such items and benefits would be at the expense of the Plaintiffs and would constitute unjust enrichment.

**WHEREFORE,** Plaintiffs pray that the court enter judgment against Defendants, American Financial Group, Continental General Insurance Company, Great American Life Insurance Company and Great American Financial Resources, Inc., jointly and severely, for the amount that will fully compensate Plaintiffs for their losses, plus punitive damages, plus interest and costs and any other relief that the court deems just and proper.

                                                Respectfully submitted,

                                                WHITFIELD & EDDY, P.L.C.
                                                317 Sixth Avenue, Suite 1200
                                                Des Moines, IA  50309-4195
                                                Telephone:  (515) 288-6041
                                                Fax:  (515) 246-1474
                                                Email: marso@whitfieldlaw.com

                                                By:   /s/
                                                    Stephen D. Marso       #23289

                                                ATTORNEY FOR PLAINTIFFS

Electronically filed.

Copies to:

Steven D. Davidson
Nicholas Rudman
Baird Holm LLP
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on <u>February 5,</u> 2014.

| By: | ☐ U. S. Mail | ☐ eMail |
|---|---|---|
| | ☐ Hand Delivered | ☐ Overnight Courier |
| | ☐ Certified Mail | X Other: cm/ecf |
| | ☐ FAX | |

Signature: _____/s/ Amanda Senn_____