IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE MOGEN AGENCY, INC. n/k/a PAUL MOGEN INSURANCE, INC.; and PAUL MOGEN,<br><br>Plaintiffs,<br><br>v.<br><br>CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCES, INCORPORATED, GREAT AMERICAN LIFE INSURANCE COMPANY and AMERICAN FINANCIAL GROUP,<br><br>Defendants. | Case No. 8:13cv381<br><br>**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendants, Continental General Insurance Company, Great American Financial Resources, Inc., Great American Life Insurance Company and American Financial Group, Inc. and for their Answer to the Plaintiff's First Amended Complaint state and allege as follows:

1. Defendants are without knowledge sufficient to admit or deny the allegations of paragraphs 1 and 2 the Amended Complaint, and therefore deny the same.

2. Defendants admit that an Agreement was executed between the The Mogen Agency, Inc. ("Mogen Agency") and Continental General Insurance Company ("CGIC") authorizing the Mogen Agency to solicit applications for certain insurance policies on behalf of CGIC, and further admit that CGIC's principal place of business at the time was in Omaha, Nebraska. Defendants deny the remaining allegations of paragraph 3 of the Amended Complaint.

3. Defendants admit that Mogen was authorized to engage in the solicitation of applications for insurance and the recruitment of agents for CGIC. Defendants deny the remaining allegations of paragraph 4 of the Amended Complaint.

4. Defendants admit that at the time the original contract was executed, CGIC had its principal place of business in Omaha, Nebraska. Defendants deny the remaining allegations of paragraph 5 of the Amended Complaint.

5. Defendants allege that the contract at issue speaks for itself and is the best evidence of its terms and conditions and, therefore, Defendants deny the allegations of paragraph 6 of the Amended Complaint to the extent they are inconsistent with the content of the contract.

6. Defendants admit that Great American Life Insurance Company (GALIC) is a subsidiary of Great American Financial Resources, Inc. (GAFRI). Defendants deny the remaining allegations in paragraph 7 of the Amended Complaint, and affirmatively allege that GAFRI is a Delaware corporation with its principal place of business in Cincinnati, Ohio.

7. Defendants admit the allegations of paragraph 8 of the Amended Complaint.

8. Defendants allege that the contract speaks for itself and is the best evidence of its terms and conditions and, therefore, Defendants deny the allegations of paragraph 9 of the Amended Complaint to the extent they are inconsistent with the content of the contract.

9. Defendants deny the allegations of paragraph 10 of the Amended Complaint.

10. Defendants allege that the contract speaks for itself and is the best evidence of its terms and conditions and, therefore, Defendants deny the allegations of paragraph 11 of the Amended Complaint to the extent they are inconsistent with the content of the contract.

11. Defendants deny the allegations of paragraphs 12, 13, 14, and 15 of the amended complaint.

12. Defendants allege that the contract speaks for itself and is the best evidence of its terms and conditions and, therefore, deny the allegations of paragraph 16 of the Amended Complaint to the extent they are inconsistent with the content of the contract.

13. Defendants deny the allegations of paragraphs 17 and 18 of the Amended Complaint.

14. Defendants admit that CGIC is an Ohio corporation and is engaged in the business of insurance. CGIC denies the remaining allegations of paragraph 19 of the Amended Complaint.

15. Defendants admit that CGIC is a wholly owned subsidiary of GAFRI and that GAFRI is a wholly owned subsidiary of American Financial Group (AFG). Defendants deny the remaining allegations of paragraph 20 of the Amended Complaint.

16. Defendants admit that GAFRI is a wholly owned subsidiary of AFG. Defendants deny the remaining allegations of paragraph 21 of the Amended Complaint.

17. Defendants deny the allegations of paragraph 22, 23, 24, and 25 of the Amended Complaint.

18. Defendants admit that CGIC filed requests for approval of insurance

products with appropriate insurance commissioners. Defendants deny the remaining allegations of paragraph 26 of the Amended Complaint.

19. Defendants deny the allegations of paragraphs 27, 28, 29, 30, 31, 32, 33 and 34 of the Amended Complaint.

20. Defendants allege that the contract speaks for itself and is the best evidence of its terms and conditions and, therefore, deny the allegations of paragraphs 35 and 36 of the Amended Complaint to the extent they are inconsistent with the content of the contract.

21. Defendants allege that the contract speaks for itself and is the best evidence of its terms and conditions and, therefore, deny the allegations of paragraph 37 of the Amended Complaint to the extent they are inconsistent with the content of the contract.

22. Defendants deny the allegations of paragraphs 38, 39, 40, 41, 42, 43, 44, 45, 46, and 47 of the Amended Complaint.

## COUNT I
### (BREACH OF CONTRACT)

23. In response to paragraph 48 of the Amended Complaint, Defendants reallege and incorporate as though fully set forth herein, all of Defendants' previous admissions, denials and allegations contained in answers to paragraphs 1 through 47 of the Amended Complaint.

24. Defendants deny the allegations in paragraphs 49, 50 and 51 of the Amended Complaint.

## COUNT II
## (TORTIOUS INTERFERENCE WITH CONTRACT)

25. In response to paragraph 52 of the Amended Complaint, Defendants reallege and incorporate as though fully set forth herein, all of Defendants' previous admissions, denials and allegations contained in answers to paragraphs 1 through 51 of the Amended Complaint.

26. Defendants admit that there was a contract between CGIC and Mogen Agency. Defendants deny the remaining allegations of paragraph 53 of the Amended Complaint.

27. Defendants deny the allegations of paragraphs 54, 55, 56, 57, 58, and 59 of the Amended Complaint.

## COUNT III
## (ACCOUNTING)

28. In response to paragraph 60 of the Amended Complaint, Defendants reallege and incorporate as though fully set forth herein, all of Defendants' previous admissions, denials and allegations contained in answers to paragraphs 1 through the 59 of Plaintiffs' Amended Complaint.

29. Defendants deny the allegations paragraphs 61, 62, and 63 of the Amended Complaint.

30. Defendants admit that Plaintiff demands an accounting in his pleading, but deny the remaining allegations of paragraph 64 of the Amended Complaint.

31. Defendants allege that the contract speaks for itself and is the best evidence of its terms and conditions and, therefore, deny the allegations of paragraph 65 of the Amended Complaint to the extent they are inconsistent with the content of the

contract.

32. Defendants deny the allegations of paragraph 66 of the Amended Complaint.

## COUNT IV
## (UNJUST ENRICHMENT)

33. In response to paragraph 67 of the Amended Complaint, Defendants reallege and incorporate as though fully set forth herein, all of Defendants' previous admissions, denials and allegations contained in answers to paragraphs 1 through 66 of the Amended Complaint.

34. Defendants deny the allegations in paragraphs 68, 69, and 70 of the Amended Complaint.

35. Defendants generally deny each and every allegation, including prayers for relief, of the Plaintiffs' Amended Complaint, except for those allegations admitted in this Answer and those allegations which constitute admissions against Plaintiffs' interests.

## AFFIRMATIVE DEFENSES

36. Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

37. Plaintiffs have failed to mitigate their damages, if any.

38. Plaintiffs' claims are barred by the applicable statute or statutes of limitations.

39. Plaintiffs have failed to join certain third parties indispensable to this action.

40. Plaintiffs' alleged damages were caused by intervening and/or

superseding acts for which these Defendants are not responsible.

41. Plaintiffs' claims are barred, in whole or in part, by waiver and estoppel.

42. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

43. Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

44. Plaintiffs' claims are barred because any harm or damages they sustained were caused by their own acts or omissions or by the acts or omissions of parties other than the Defendants.

45. Defendants have complied with all obligations to the Plaintiffs, contractual or otherwise.

46. If the contract was breached, which Defendants deny, awarding plaintiffs the damages alleged would result in the plaintiffs being unjustly enriched.

47. Defendants' actions were justified.

48. Defendants' actions were competitive in nature and therefore they were privileged to engage in them.

49. Defendants did not engage in any wrongful, improper, malicious or otherwise unjustified conduct.

50. Defendants acted at all times with a predominant purpose of advancing their own competitive interests.

51. The Defendants owed no legal duty to Plaintiffs that would prohibit the conduct alleged.

52. The damages alleged by Plaintiffs are speculative, uncertain, and

conjectural and, therefore, may not be recovered.

53. Plaintiffs are not entitled to an accounting, recovery for alleged unjust enrichment, or other equitable relief because they have adequate remedies at law.

54. Plaintiffs have alleged inconsistent legal and equitable remedies, and should be required to make an election of their remedy prior to trial.

55. Punitive damages are not recoverable in this action pursuant to Neb. Const. Art. VII, § 5.

56. Alternatively, in the event Plaintiffs' claim for punitive damages is not barred by the Nebraska Constitution or other applicable law, Plaintiffs have failed to allege, and cannot prove, facts sufficient to meet the legal requirements for an award of punitive damages. Defendants did not act with actual malice or otherwise engage in conduct that was in willful, reckless or wanton disregard of the rights of another.

57. Any award of punitive damages would violate the Due Process Clause of applicable State and Federal Constitutions, and would be otherwise unconstitutional.

58. Plaintiffs are not entitled to relief for amounts that may become due under the contract at issue in the future, or any other award for future loss.

59. Plaintiffs are not the real party in interest to assert the claims made.

60. Plaintiffs have released Defendants from liability for the claims alleged.

61. Plaintiff's claim for unjust enrichment is barred the by existence of a contract governing the same subject matter.

62. Defendants reserve the right to raise any additional affirmative defenses which become known or of which Defendants become aware of during the course of discovery or investigation.

WHEREFORE, Defendants respectfully request that the Amended Complaint be dismissed with prejudice at Plaintiffs' cost, and for such further relief as the Court deems appropriate.

**DEFENDANTS HEREBY DEMAND TRIAL BY JURY**

Dated this 24th day of February, 2014.

> CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCES, INC., GREAT AMERICAN LIFE INSURANCE COMPANY, improperly named as GREAT AMERICAN INSURANCE COMPANY and AMERICAN FINANCIAL GROUP, INC. Defendants,
>
> By: /s/Steven D. Davidson
> Steven D. Davidson, #18684
> Nicholas K. Rudman, #25182
> of BAIRD HOLM LLP
> 1700 Farnam Street
> Suite 1500
> Omaha, NE 68102-2068
> Phone: 402-344-0500
> E-mail: sdavidson@bairdholm.com
> nrudman@bairdholm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2014, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to counsel for the Plaintiff, as follows:

Stephen D. Marso
marso@whitfieldlaw.com


/s/Steven D. Davidson

DOCS/1237298.1