# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE MOGEN AGENCY, INC. n/k/a PAUL MOGEN INSURANCE, INC.; and PAUL MOGEN, <br><br> Plaintiffs, <br><br> v. <br><br> CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCES, INCORPORATED, GREAT AMERICAN LIFE INSURANCE COMPANY and AMERICAN FINANCIAL GROUP, <br><br> Defendants. | Case No. 8:13cv381 <br><br> **NOTICE OF OBJECTION TO CONSOLIDATION** |
| NATIONAL INSURANCE NETWORK, INC.; and ROBERT S. ZIMNY, <br><br> Plaintiffs, <br><br> v. <br><br> CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCES, INCORPORATED, GREAT AMERICAN LIFE INSURANCE COMPANY and AMERICAN FINANCIAL GROUP, <br><br> Defendants. | Case No. 8:13cv382 |
| RANDY DODDS, d/b/a BUSINESS ANALYSIS, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCES, INCORPORATED, GREAT AMERICAN LIFE INSURANCE COMPANY and AMERICAN FINANCIAL GROUP, | Case No. 8:13cv383 |

|  |  |
|---|---|
| Defendants. | |
| UNITED SENIORS ALLIANCE; and<br>THURMAN J. PARRISH,<br><br>              Plaintiffs,<br><br>v.<br><br>CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCES, INCORPORATED, GREAT AMERICAN LIFE INSURANCE COMPANY and AMERICAN FINANCIAL GROUP,<br><br>              Defendants. | Case No. 8:13cv385 |

## INTRODUCTION

Defendants, Continental General Insurance Company, Great American Financial Resources, Inc., Great American Life Insurance Company and American Financial Group, Inc., in response to the Court's Memorandum and Order dated April 4, 2014, hereby provide notice to the Court of their objection to consolidation of these cases for either discovery or trial. While there are some limited common issues among some of the four cases, individual and distinct factual and legal issues will predominate in both discovery and trial, and combined proceedings would therefore result in material unfair prejudice to the Defendants and confusion for the jury.

## ARGUMENT

### A.    Background of the Dispute

These cases involve claims of unpaid renewal commissions in connection with insurance policies originally issued by Continental General Insurance Company ("CGIC"). The commission claims fall in three general categories. First, Plaintiffs allege

2

that they are entitled to certain renewal commissions otherwise payable on business produced by sub-agents in their agent "hierarchy," after those sub-agents in accordance with the terms of their contracts with CGIC became "non-vested" when their commission levels fell below a specified threshold, because the right to receive those commissions then allegedly "reverted" to the next agent up the hierarchy, namely the Plaintiffs (hereafter, the "Non-Vested Commission Claim"). *See e.g.* Mogen Complaint at ¶ 13-18, 39. Second, Plaintiffs allege that Defendants replaced in-force Medicare supplement policies on which Plaintiffs were entitled to ongoing commissions with new products or policy forms, and thereafter failed to pay commissions to Plaintiffs on the replacement policies (hereafter, the "Replacement Policy Commission Claim"). *See e.g.* Mogen Complaint, ¶ 26-30. Finally, Plaintiffs allege that they are entitled to commissions on premium increases implemented for certain long term care insurance policies that were issued prior to January, 2000 (hereafter the "LTC Premium Increase Commission Claim"). *See e.g.* Mogen Compliant ¶ 40, 45. The Complaints seek an accounting of amounts allegedly due in each category, and set forth claims for relief alleging breach of contract, tortious interference, and unjust enrichment.

Each Plaintiff's entitlement to commissions on these various grounds is a function of the terms of their respective contracts with CGIC, and those contracts are not the same across the four cases. The Dodds agreement that was attached to his Complaint was originally executed in 1976, is entitled "Regional Manager Agreement," and is designated as contract form "RM7-73." Dodds' Complaint, Ex. A. The Parrish Agreement that was attached to his Complaint was originally executed in 2004, and is entitled "Field Representative Agreement." Parrish Complaint, Ex. A. The Mogen and Zimny agreements that were attached to their Complaints are a third form of contract

entitled "General Agent Agreement," identified as form MC584/89, and were executed in 1995 and 1988, respectively. Mogen Complaint, Ex. A; Zimny Compliant, Ex. A. Thus, the three contract forms at issue are for agents at differing places in the agent "hierarchy," contain different language regarding vesting of sub-agents, have different termination and replacement provisions, and as a whole embody an entirely distinct set of rights and obligations between the individual agents and the insurance company.

If Plaintiffs are correct about what those contracts mean, contrary to the position asserted by the Defendants, and they are entitled additional commissions on the various theories presented, each case will involve unique facts from which the amount due in each category will be derived and calculated, and from which Defendants' affirmative defenses will arise. The four plaintiffs each have their own network of sub-agents, their own book of business sold within those networks with differing emphasis on certain product types, and their own compensation history with the insurers. Thus, while the legal theories asserted in the four complaints are similar, there will be no commonality in the evidence to be presented regarding the amount and source of each agent's alleged unpaid commission income.

B. **Standards for Consolidation**

Consolidation is governed by Rule 42(a), which states that a district court may consolidate separate actions when those "actions involve a common question of fact and law." Fed. R. Civ. P 42(a). The existence of a common question of fact or law is a "threshold" inquiry. *Enterprise Bank v. Saettele,* 21 F.3d 233, 235 (8th Cir. 1994). If such commonality exists, then the court is granted discretion to consolidate if doing so will result in efficiencies that outweigh any additional inconvenience, delay or expense to the parties. *Id. See Williams v. County of Dakota,* 2012 U.S. Dist. Lexis 164857 at

*13-14 (D. Neb. 2012). In exercising that discretion, however, the Court is required "to examine the special underlying facts with close attention before a consolidation is ordered." *Schneider v. U.S.*, 2000 U.S. Dist. Lexis 19823 at *3 (D. Neb. 2000), *quoting In Re Repetitive Stress Injury Litigation,* 11 F.3d 368, 373 (2nd Cir. 1993).

Even when common issues exist and efficiencies may be gained, consolidation is nevertheless inappropriate if it would lead to "unfair prejudice to a party." *EEOC v. HBE Corp.,* 135 F.3d 543, 551 (8th Cir. 1998). Jury confusion on a complicated record is a typical reason for finding prejudice that precludes consolidation. *See e.g. Stillmunkes v. Givaudan Flavors Corp.,* 2008 U.S. Dist. Lexis 109165 (N.D. Ia. 2008) (consolidation denied when it "would require the jury to assimilate and analyze complicated testimony concerning two similar but yet quite diverse factual circumstances"). Such potential prejudice cannot be disregarded in favor of convenience. "Consolidation should not be ordered if it would prejudice defendant, for considerations of convenience and economy must yield to the interest of justice in a fair and impartial trial." *Flintkote Co. v. Allis Chalmers Corp.,* 73 F.R.D. 463, 464-65 (S.D.N.Y. 1977).

Prejudice has often been found in a contract setting when multiple suits have been brought against the same defendants on similar legal theories, but when contract terms vary between cases or when factual differences predominate despite the common legal theories. In *Enterprise,* for example, the Eighth Circuit found consolidation improper though both plaintiffs sought damages against the same defendant for breach of contract, because the legal issues created by the separate contracts were different. 21 F.3d at 235. *Enterprise* was cited in the Northern District of Iowa for that proposition when denying a motion for consolidation in an employment setting. *Gardner v. Cardinal Construction, Inc.,* 2013 U.S. Dist. Lexis 101396 at *6-10 (N.D. Iowa 2013). There,

5

while the two plaintiffs asserted similar theories of recovery against the same defendant, the underlying facts supporting the claim were different in each case, making consolidation inappropriate. *Id.*

Likewise, consolidation was denied in *Flintkote, supra,* where two plaintiffs sought damages for breach of contract from the same defendant on design issues relating to two cement plants. Noting that "the mere fact that two cases assert similar theories of recovery does not constitute a common question of law so as to warrant consolidation," the court refused consolidation, in part, because the two contracts were "dissimilar in a number of important respects." 73 F.R.D. at 465. The court was concerned there would be "no overlap" in the evidence, resulting in a trial "impeded by the introduction of voluminous irrelevant evidence as to the alleged deficiencies at the other plant," leading to "confusion in the minds of the jurors." *Id.*

Thus, even when multiple parties sue the same defendant on similar legal theories, consolidation remains improper and prejudicial when the underlying legal obligations are different and the facts necessary to prove each plaintiff's alleged losses are distinct. That is the case here.

### C. Consolidation is Inappropriate Because Individual Issues Predominate and Prejudice Would Result

Consolidation is unwarranted in these cases because they involve different contracts, independent proof of breach and damages on a complex subject matter, and various facts specific and unique to each individual plaintiff, all of which would result in confusion for the jury that could prejudice the interests of the Defendants.

These four cases involve three different forms of contract. Those contracts include different provisions addressing vesting of agent compensation, the insurer's

right to discontinue policies, duties on termination, customer goodwill, and other matters directly applicable to the analysis of the legal theories alleged in the Complaints. Plaintiffs held differing forms of agency, from a field representative to a general agent to a regional manager, each of which carries distinct characteristics, rights and duties as described in the contracts. A jury will be hard pressed to remember and apply three sets of contractual rules to four different plaintiff groups.

Moreover, these four cases will require completely independent, non-overlapping sets of complex proof of both breach and damages. If additional commissions are owed, they will arise from the particular "hierarchy" of sub-agents operating under each Plaintiff's CGIC contract, and the particular base of customers and policies issued with that hierarchy (likely numbering in the thousands in each case), over widely varying periods of time exceeding multiple decades. The evidence will be voluminous and financially complex in each case. As would be true keeping track of multiple contracts, a single jury will face a huge burden to assimilate four sets of such damage evidence, particularly when each set of evidence will have no relevance to any other plaintiff group.

Finally, even without any discovery having yet occurred, the pleadings demonstrate important differences in the relevant factual background. For example, in Dodds, unlike the other cases, Plaintiffs allege various communications with the Defendants about the allegedly unpaid commissions, and suggest that Defendants "acknowledged the breach" and made certain additional commission payments to Dodds. Dodds Complaint, ¶¶ 34-38. Those alleged admissions, if proven true, may not be relevant or admissible in the other cases that involve different contractual duties. A single jury obviously cannot be fairly asked to disregard important facts of that nature.

Likewise, the differing points in time at which Plaintiffs began their contractual relationships with Defendants, ranging from the late 1970's to the mid 2000's, could impact a variety of defenses like waiver, estoppel or statutes of limitation, and would certainly change the volume and type of information received by each agent about commission entitlements. What one agent may have experienced or been told in the 1980's may be important on his contract interpretation and performance issues, but will have absolutely nothing to do with claims of another agent whose different form of contract was first executed more than 20 years later.

In sum, notwithstanding the similar legal theories brought against common defendants, these cases are ill-suited for consolidation, both for discovery and for trial, because individual legal and factual issues will predominate over any limited commonalities. Consolidation would result in a combined presentation of four distinct sets of complex evidence that no reasonable jury could keep clear, risking confusion and misapplication of facts and law to the various parties.

Defendants appreciate the Court's desire for efficient adjudication, and will commit to working with the Plaintiffs to avoid duplicative efforts. But, at this early stage of the case, before the parties have had the opportunity to commence discovery and gain information beyond the pleadings that may be important to evaluate the prejudice that might result from consolidated proceedings, the blanket order of consolidation proposed in the Court's recent order is premature. Consolidation is not only inappropriate on the current record, and thus far not requested by either party, but consolidation may also be improper for any number of additional reasons that can become known to the parties only after the cases proceed through discovery.

## CONCLUSION

Accordingly, Defendants respectfully provide notice to the Court of their objection to consolidation.

Dated this 28th day of April, 2014.

        CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCES, INC., GREAT AMERICAN LIFE INSURANCE COMPANY, improperly named as GREAT AMERICAN INSURANCE COMPANY and AMERICAN FINANCIAL GROUP, INC. Defendants,

By: /s/Steven D. Davidson
    Steven D. Davidson, #18684
    Nicholas K. Rudman, #25182
of  BAIRD HOLM LLP
    1700 Farnam Street
    Suite1500
    Omaha, NE 68102-2068
    Phone: 402-344-0500
    E-mail: sdavidson@bairdholm.com
            nrudman@bairdholm.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2014, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to counsel for the Plaintiff, as follows:

Stephen D. Marso
marso@whitfieldlaw.com


        /s/Steven D. Davidson

DOCS/1256476.1